IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-15-SLR |
| | : | |
| JOSEPH PRYER, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE**

Defendant, Joseph Pryer, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an order suppressing for use by the government any and all evidence obtained as a result of the unlawful search, on or about February 17, 2005, of a 1997 Cadillac Seville, and the unlawful search of 3081 New Castle Avenue, New Castle, DE, and a 1995 Mazda Millenia, that the government intends to introduce at trial.

As grounds for this motion, the defense submits as follows:

1.      On or about February 17, 2005, officers seized Mr. Pryer as he sat in a 1997 Cadillac Seville.  Subsequent to this seizure, officers conducted a warrantless search of the vehicle, at which point they allegedly discovered contraband.  Based on the incriminating items allegedly found in the car, the officers conducted an administrative search of Mr. Pryer's residence, 3081 New Castle Avenue, New Castle, DE, and a 1995 Mazda Millenia, purported to be registered to Mr. Pryer. During the search of the house and the Mazda Millenia, additional contraband and a firearm were

allegedly discovered.[1]

2.      The defense contends that the warrantless search of the 1997 Cadillac Seville, the search of 3081 New Castle Avenue, and the search of the 1995 Mazda Millenia, were undertaken in violation of the United States Constitution, and as a result, all evidence seized from these locations must be suppressed.

3.      The Fourth Amendment prohibits unreasonable searches and seizures.   It is well-settled "that a search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). Where no probable cause and no warrant exist for a subsequent search, suppression of any evidence recovered will be required, unless there is an exception to the warrant requirement.  United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985);  United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd  Cir. 1980).

4.      In a warrantless search case the government bears the burden of establishing that the search comes  within one of the exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951).

5.  In the present case, the police had no search warrant for the 1997 Cadillac Seville.  The police lacked probable cause to search the vehicle and also lacked probable cause or reasonable suspicion to stop and seize Mr. Pryer in the first place.  In addition, the alleged justification for

---

[1]Any facts contained in this motion were taken from the police reports prepared by officers with regard to this case.  By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the police reports.  It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

conducting an administrative search of 3081 New Castle Avenue and the 1995 Mazda Millenia, was the discovery of the contraband illegally seized from the unlawful search of the Cadillac Seville.

6.      If the evidence was seized as a result of an illegal search, then the evidence obtained must be suppressed, and any derivative evidence discovered as a result of the initial illegal search must also be suppressed, pursuant to the "fruit of the poisonous tree doctrine" as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

**WHEREFORE**,  the defense respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence as discussed above.

Respectfully Submitted,

/s/  Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
Attorney for Defendant Joseph Pryer

DATED:      May 31, 2005

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-15-SLR |
| | : | |
| JOSEPH PRYER, | : | |
| | : | |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for Defendant Joseph Pryer hereby certifies that on May 31, 2005,

a copy of the attached Motion to Suppress Evidence was downloaded and is available for public

viewing, and was electronically delivered to:

Ferris Wharton, Esq.
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19801

/s/  Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King St., Suite 110
Wilmington, Delaware  19801
Attorney for Defendant Joseph Pryer