IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 05-15-SLR |
| ) | |
| JOSEPH M. PRYER ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Anne Y. Park, Assistant United States Attorney for the District of Delaware, and the defendant, Joseph M. Pryer, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One and Four of the Indictment. Count One charges the defendant with possession with the intent to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), which carries a maximum sentence of lifetime imprisonment, with a mandatory minimum term of imprisonment of ten years, a fine of $4,000,000, lifetime supervised release, with a mandatory minimum term of supervised release of five years, and a $100 special assessment. Count Four charges the defendant with possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of

a term of imprisonment of ten years, a fine of $250,000, three years of supervised release, and a $100 special assessment. .

2.   At the time of sentencing, the United States agrees to move to dismiss the remaining counts of the Indictment.

3.   The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (1) that on or about February 17, 2005, the defendant knowingly possessed 50 grams or more of cocaine base, i.e., crack cocaine; (2) that the substance was in fact cocaine base, i.e., crack cocaine; and (3) that the defendant intended to distribute the cocaine base, i.e., crack cocaine. With respect to Count ~~Three~~ Four [sc 7/7/05] of the Indictment, the government would have to prove the following elements: (1) that on or about February 17, 2005, the defendant knowingly possessed a firearm; (2) that at the time he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

4.   The defendant admits the following facts. On or about February 17, 2005, the police recovered, among other things, 362 grams of cocaine base, i.e., crack cocaine, and a Smith and Wesson, model 629-3, .44 caliber handgun, serial number BNN4019, from the defendant's car, a Mazda Millenia with temporary Pennsylvania registration number 0827-920, which was parked in the driveway of his residence at 3081 New Castle Avenue in New Castle, Delaware. The defendant knew that there was cocaine base, i.e., crack cocaine, in his car; he had dominion and control over this cocaine base, i.e., crack cocaine; and he intended to distribute this cocaine base, i.e., crack cocaine. The defendant further knew that the Smith & Wesson .44 caliber firearm was in his car and he had dominion and control over this firearm. The defendant was

convicted of Robbery in the Second Degree, a felony crime punishable by imprisonment for a term exceeding one year, in New Castle County Superior Court on or about April 16, 2001, and Assault in the Second Degree, a felony crime punishable by imprisonment for a term exceeding one year, in New Castle County Superior Court on or about October 20, 1997. The Smith & Wesson .44 caliber firearm was manufactured outside the State of Delaware.

5. The defendant abandons any right, title, and interest that he may have in the Smith and Wesson, model 629-3, .44 caliber handgun, serial number BNN4019, the firearm having been seized by the Delaware State Police on or about February 17, 2005; agrees to execute all documents requested by the government to effect his abandonment; and agrees that the Delaware State Police and/or the Bureau of Alcohol, Tobacco, Firearms and Explosives may dispose of the firearm in whatever manner it deems appropriate.

6. The defendant agrees to forfeit all interests in any drug related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to the following specific property: a 1997 Cadillac Seville with temporary DE registration number XB 075529, VIN # 1G6KS52Y5VU806681; and a Smith and Wesson, model 629-3, .44 caliber handgun, serial number BNN4019. The defendant warrants that he is the sole owner of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

7. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

8. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and/or property facilitating illegal conduct.

9. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under USSG § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional 1 level reduction under USSG §

3E1.1(b) based on the defendant's conduct to date, and will so move the District Court at sentencing.

10. The United States further agrees to recommend a sentence at the bottom end of the guideline range.

11. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands, as stated above, that the government will recommend that the Court impose a sentence at the bottom end of the sentencing range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

12. The defendant agrees to pay the $200 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

13. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

14. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____  
Eleni Kousoulis, Esquire  
Attorney for Defendant

COLM F. CONNOLLY  
United States Attorney

By: _____  
Anne Y. Park  
Assistant United States Attorney

_____  
Joseph M. Pryer  
Defendant

Dated: 7-7-05

**AND NOW**, this __7th__ day of __July__, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____  
HONORABLE SUE L. ROBINSON  
Chief Judge, United States District Court  
for the District of Delaware