**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT**
AO 243 (Rev. 2/95)                          **SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **UNITED STATES DISTRICT COURT** | District **OF DELEWARE** | | |
|---|---|---|---|
| Name of Movant **JOSEPH M. PRYER** | Prisoner No. **#04947-015** | | Case No. **05-15-SLR** |

Place of Confinement
**F.C.I. Schuylkill, P.O. Box 759, Minersville, Penna. 17954-0759**

UNITED STATES OF AMERICA                    V.                    **JOSEPH M. PRYER**
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack   <u>United States District Court For The District Of Deleware, at Wilmington</u>

2. Date of judgment of conviction   <u>July 7th, 2005</u>

3. Length of sentence <u>216 month(s) term of imprisonment, 5 years Supervised Release</u>

4. Nature of offense involved (all counts)   <u>Possession with Intent to Distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(Count One); and Possession of a Firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1)(Count Four)</u>

5. What was your plea? (Check one)
   (a) Not guilty          ☐
   (b) Guilty              ☒
   (c) Nolo contendere     ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   <u>NON-APPLICABLE</u>

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury               ☐
   (b) Judge only         ☒

7. Did you testify at the trial?
   Yes ☐          No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐          No ☒

FILED

JAN 24 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
SD scanned

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a)  Name of court _____ **NON-APPLICABLE** _____

    (b)  Result _____ **NON-APPLICABLE** _____

    (c)  Date of result _____ **NON-APPLICABLE** _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐          No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)  (1)  Name of court _____ **NON-APPLICABLE** _____

         (2)  Nature of proceeding _____ **NON-APPLICABLE** _____

         (3)  Grounds raised _____ **NON-APPLICABLE** _____

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?

         Yes ☐          No ☐          **NON-APPLICABLE**

    (5)  Result _____ **NON-APPLICABLE** _____

    (6)  Date of result _____ **NON-APPLICABLE** _____

    (b)  As to any second petition, application or motion give the same information:

         (1)  Name of court _____ **NON-APPLICABLE** _____

         (2)  Nature of proceeding _____ **NON-APPLICABLE** _____

         (3)  Grounds raised _____ **NON-APPLICABLE** _____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐      No ☐

(5) Result _____ **NON-APPLICABLE** _____

(6) Date of result _____ **NON-APPLICABLE** _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐      No ☐
(2) Second petition, etc.       Yes ☐      No ☐      **NON-APPLICABLE**

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**NON-APPLICABLE**

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(4)

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self–incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.    Ground one: _____ **SEE ATTACHED @ PAGE #5(a)** _____

_____

Supporting FACTS (state *briefly* without citing cases or law)

_____ **SEE ATTACHED @ PAGE(S) #5(a) THRU #5(e)** _____

_____
_____
_____
_____
_____

B.    Ground two: _____ **SEE ATTACHED @ PAGE #5(f)** _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____ **SEE ATTACHED @ PAGE(S) #5(f) THRU #5(i)** _____

_____
_____
_____
_____

C.    Ground three: _____ **SEE ATTACHED @ PAGE #5(i)** _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____ **SEE ATTACHED @ PAGE(S) #5(i) THRU #5(t)** _____

_____
_____
_____
_____

**A. Ground One:** **THE ACCUMULATIVE EFFECTS OF COUNSEL'S PATENTLY DEFICIENT PERFORMANCE DURING ALL STAGES OF THE CRIMINAL PROCEEDINGS UNDER THE CIRCUMSTANCES PRESENTED BY THE INSTANT CASE DID IN FACT PRE-JUDICIALLY DEPRIVE[D] PETITIONER EFFECTIVE ASSISTANCE IN VIOLATION OF THE SIXTH AMENDMENT TO THE CONSTITUTION AND CONTRARY TO THE LAW(S) OF THE UNITED STATES**

**Supporting FACTS (state briefly without citing cases or law):**

1.)   Petitioner in the instant matter was initially charged, by Indictment returned by a Grand Jury sitting in the District of Deleware, at Wilmington, with, **inter alia**, Possession with the Intent to Distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(Count One); Possession with the Intent to Distribute more than 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(Count Two); Possession with the Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D)(count Three); Possession and Affecting Interstate Commerce a firearm by a former convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Count Four); and Possession of a firearm in the furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (D).  [See Copy of Indictment];

2.)   On or about July 7th, 2005, Petitioner entered into

a negotiated Plea Agreement with the United States and, pursuant to and in accordance with the specific term(s) and condition(s) set forth, therein, Petitioner agreed to enter a plea of guilty to Counts I and IV of the Indictment filed against him. [See Copy of Plea Agreement];

3.) During the Change Of Plea Hearing proceedings, held on July 7th, 2005, the Court found Petitioner fully competent and capable of entering an informed plea; that his plea of guilty was a knowing and voluntary plea supported by independent basis and facts contained each with the essential elements of the offense. The Court, therefore, accepted the plea and adjudged Petitioner guilty of the offenses to which he pled. [See Copy of Change Of Plea Hearing Transcript(s), in this regard, @ page(s) #21, line(s) 3 thru 9, thereof];

4.) By Order, dated July 7th, 2005, the Court Ordered a Pre-sentence Investigation Report ("PSR") and scheduled the matter for Sentencing on Tuesday, October 4th, 2005, at 4:30 p.m., in courtroom No. 6B, sixth floor Federal Building, 844 King Street, Wilmington, Deleware. [See Copy of Order, in this regard, attached and annexed @ Exhibit(s) #P-1];

5.) After several postponements a Sentencing Hearing was finally held on January 19th, 2006, at which Petitioner was sentenced, under the Sentencing Guidelines, pursuant to the Sentencing Reform Act of 1984, and committed to the custody of the Bureau of Prisons for a term of 216 month(s) imprisonment, a sixty month(s) or five (5) year(s) term of Supervised Release

in addition to and following his term of imprisonment, and a
special assessment of $200.

I.   COUNSEL WAS IN FACT INEFFECTIVE WITHIN THE MEANING(S)
     OF THE SIXTH AMENDMENT UNDER CIRCUMSTANCES PRESENTED
     BY THE INSTANT CASE SPECIFICALLY FOR FAILING TO ADE-
     QUATELY EXPLORE AND PROPERLY ADVISE PETITIONER OF ALL
     AVAILABLE DEFENSE OPTIONS AND THEREBY IN EFFECT DEPRI-
     VING HIM THE OPPORTUNITY OF MAKING A FULLY INFORMED
     DECISION IN VIOLATION OF THE CONSTITUTION AND CONTRARY
     TO THE LAW(S) OF THE UNITED STATES.

(a)   First, and probably foremost, it is crystal clear from
any completely objective reading of the established record(s) of
this case that counsel plainly failed to adequately explore, ever
sufficiently argue, or properly inform Petitioner of the possible
jurisdictional defects in the Indictment returned against him in
this case.   Counsel knew or should have known the Constitutional
and Jurisdictional concerns that would arise at sentencing, and
the possible grounds that would be available to Petitioner for
appeal purposes on those basis. Arguably, therefore, had counsel
sufficiently explained at any time, for example, that the Federal
Courts, in arguendo, might lack sufficient Constitutional author-
ity, Subject-Matter and Statutory jurisdiction(s) over mere fire-
arm possession(s), without more, under the Commerce Clause, Peti-
tioner might have not agreed to plead guilty under the circum-
stances presented here and, instead, elected to exercise his
right(s) to a trial by a jury of his peers, at least for that
offense.   Furthermore, if counsel, at any time, had fully explained
that drug amounts were an essential element of the crime(s) charged
in this case, which had to be proved beyond a reasonable doubt,

(5(c))

pursuant to and in accordance with the Fifth and Sixth Amendments
to the United States Constitution, Petitioner would not have
plead guilty to, and in no way admit or stipulate, the generic
amount(s) of 50 grams or more, required to trigger the more severe
penalties under § 841(b)(1)(A).

II.   **COUNSEL WAS IN FACT INEFFECTIVE UNDER THE SIXTH AMEND-
MENT UNDER THE CIRCUMSTANCES PRESENTED BY THE INSTANT
CASE SPECIFICALLY FOR FAILING TO PROPERLY CHALLENGE
OR OTHERWISE OBJECT TO THE COURT'S DRUG AMOUNT CALCU-
LATIONS UNDER A PREPONDERANCE OF THE EVICENCE STAND-
ARD AND THEREBY PRESERVING THE ISSUE FOR APPEAL IN
VIOLATION OF THE CONSTITUTION AND CONTRARY TO THE
LAW(S) OF THE UNITED STATES.**

(a)   The record(s) of this case plainly show that counsel
never challenged or, otherwise, objected to the court's calcula-
tions of the attributable drug amount(s) under the preponderance
of the evidence standard, and thereby properly preserving the
question for appellate review.   The question of drug quantities
are vitally significant in the context of this case, where the
drug amount(s) attributable to Petitioner impacted the penalty
exposure he was subjected to because of the court's factual and
legal determinations as to the applicable drug amount(s).   The
Sixth Amendment requires counsel to protect and preserve the
rights of the defendant in criminal proceedings, and this most
definitely includes all right(s) of appeal.   Had counsel challenged
the court's calculations in this instance, since the court ex-
pressed concerns under Rule 32 in that regard, and it had been
rightly determined that the only drugs attributable to Petitioner
would be those that could be proved beyond a reasonable doubt, or

(5(d))

amount(s) admitted by the defendant, the Petitioner surely would not have been lawfully subject to the more severe penalty exposures provided under § 841(b)(1)(A) and, therefore, prejudice is plainly established.

III. **COUNSEL WAS IN FACT INEFFECTIVE FOR PURPOSES OF THE SIXTH AMENDMENT WHERE COUNSEL UNDER THE CIRCUMSTANCES PRESENTED BY THE INSTANT CASE PLAINLY FAILED TO FILE A TIMELY NOTICE OF APPEAL TO PRESERVE PETITIONER'S RIGHT TO THE PROCESS IN VIOLATION OF THE CONSTITUTION AND CONTRARY TO THE LAW(S) OF THE UNITED STATES.**

(a) Counsel here in this instance clearly failed to file a timely Notice of Appeal and, thereby, preserve Petitioner's right to appeal, at least until counsel had sufficient time to review the transcript(s) from the proceedings held in the case and adequately assess them to determine if there were any non-frivolous issues ripe for presentment on appeal. The failure of counsel to file a timely Notice of Appeal is, in fact, per se ineffectiveness. Had counsel filed a timely Notice of Appeal in this instance, and reviewed the established record(s) of the case, he would have discovered the issues raised herein and determined if they were ripe for presentment on direct appeal. Thus, in this regard, counsel's failure, in effect, substantively prejudiced Petitioner because of the deprivation of the fundamental due process right to review under the Fifth and Sixth Amendment(s), in violation of the Constitution and contrary to the [controllinng] law(s) of the United States.

(5(e))

**B. Ground Two:** THE UNITED STATES SUPREME COURT DID IN FACT EXCEED ITS LAWFUL CONSTITUTIONAL AUTHORIT[IES] UNDER THE SEPARATION OF POWER(S) DOCTRINE IN ACCORDANCE WITH ARTICLE(S) I, II AND III OF THE UNITED STATES CON-STITUTION BY IMPERMISSIBLY ENCROACHING THE POWERS OF THE LEGISLATIVE BRANCH AND IMPROPERLY SEVERING AND EXCISING §§ 3553(a) AND 3742(e) FROM THE SEN-TENCING REFORM ACT OF 1984 AND THEREBY IN EFFECT MAKING THE UNITED STATES [FEDERAL] SENTENCING GUIDELINE ADVISORY IN AN EFFORT TO MAKE THE GUIDE-LINES COMPLIANT AND COMPATIBLE WITH THE FIFTH AND SIXTH AMENDMENT(S) AND THUS RENDERING PETITIONER'S SENTENCE NULL AND VOID.

**Supporting FACTS (state briefly without citing cases or law):**

1.) Petitioner was sentenced on January 19th, 2006, under the unconstitutionally severed and excised advisory application of the United States [Federal] Sentencing Guidelines;

2.) After having declared the mandatory application of the United States [Federal] Sentencing Guidelines essentially uncon-stitutional for purposes of the Fifth and Sixth Amendment(s) the Court then proceeded to act without proper constitutional author-ity, and impermissibly took something out of the Sentencing Reform Act of 1984 that Congress had specifically and intention-ally put in it to make the application of the United States Sen-tencing Guideline (U.S.S.G.) mandatory on all federal defendants, in all federal cases, by all federal judges of all United States [sentencing] district courts. Thus, in this regard, the Court plainly undermined the expressed and specific intent of Congress and, thereby, unconstitutionally violated the Separation Of Powers Doctrine.

3.) Under the concepts of Constitutional construction, when

the Supreme Court negates a provision of an Act without a Severance Clause, such as the Sentencing Reform Act of 1984, the whole Act is void from the beginning, as if it never existed, and can confer no rights or legal standing. The attack on direct procedure, under a Habeas Corpus, will expose these matters when the United States Attorneys fail to answer directly. Federal Civil Rule(s) 8 and 9 show this conclusively;

4.) Petitioner's sentence, even if proved by some strange set of events to be valid, is currently being executed in an illegal manner. The Executive Branch, a creature of law, is bound absolutely to act in good faith at all time. See Article II, "Executive Powers", under the Constitution. Title 18 U.S.C. § 3551 authorizes only three (3) specific types of [lawful] sentences; probation, fine or imprisonment. The Judicial Branch is only one [independent] part of the United States Government. The government is constructed of three Separate [but Equal] Branches; Judicial, Legislative and Executive. The Government is the whole, and each branch receives its exclusive authority under the United States Constitution under separate sections;

5.) Included in the grant of power are delimitations, absolute limits on the exercise of [that] power. One of the most important limits laid out in the Federal Constitution is the Separation Of Power(s) Doctrine. In other words, no branch singly or collectively may encroach on another branch's power(s). The courts are to declare the law, and hold no power to make law or execute law, those functions are exclusive to Legislature;

(5(g))

making law, and executing law or process is Executive. Further, the Legislative Branch, in making law, is absolutely barred from removing judicial powers through the laws it promulgates. Just as the Executive Branch, through the United States Department of Justice and all its pieces, are barred absolutely from issuing judicial orders, the Judicial is barred from acting on its own orders which must be executed exclusively by the Executive. Thus, the issue is clear in this specific respect, and where and if one part of law --- making mandatory the will of Congress over the Judicial is void, then other such incorporated provisions --- are equally void and also unconstitutional;

6.) PL 98-473 deleted prior law on sentencing. The October 12th, 1984 Stat. 1728, effective November 1st, 1987, repealed prior sentencing law which contained parole provisions, this means the new law, now declared unconstitutional, is replaced by the old law. Constitutional construction states that under these circumstances, the law replaced is considered in effect at the moment the placing law is invalidated; and

7.) To that extent, Petitioner, herein, rightly moves under trust resulting from the act of his illegal confinement and sub- sequent act of restraint on his liberty where his Custodian(s) is trustee over the "res' attached. Representing to the court that such Trustees and Custodians must be able to prove each and every one of their acts are valid and in accord with the law, which Petitioner, arguably, submits that they cannot now do under present circumstances. Thus, this instant application is, in

(5(h))

fact, a direct attack on the powers claimed by Custodians and, this action being civil in nature sets Petitioner as Plaintiff, whereby Custodians must answer with said proof of facts, proof of law to support their acts and/or omissions. Failure to answer with said proofs would cause by operation the Plaintiff to prevail and be released from imprisonment and all restraints of liberty of any type. This Court having venue over Petitioner, jurisdiction over the subject matter, under its power to administer justice must move quickly to settle the controversy now raised, herein. The integrity of the legal system rests on its fair application of statements under the procedures offered by the courts. This application, in that regard, seeks fair and just, expeditious, application of the words of Congress which limit the type of sentences available to the United States, and entitles Petitioner review of the Respondents administration of [his] sentence.

**C. Ground Three:** **THE TERM OF SUPERVISED RELEASE IMPOSED BY THE COURT ON PETITIONER UNDER THE CIRCUMSTANCES PRESENTED BY THE INSTANT CASE IS NOT AUTHHOR+ IZED BY LAW OR OTHERWISE SANCTIONED BY THE UNITED STATES CONSTITUTION AS APPLIEDDIN THIS PATICULAR INSTANCE.**

**Supporting FACTS (state briefly without citing cases or law):**

1.) In this instance Petitioner was sentence to an unauthorized term of Supervised Release for a period of five (5) years, in addition to and following his term of imprisonment;

2.) Any reference made to the charging instrument in this

(5(i))

case, the Indictment and the charged offense(s), thereunder, will verify the above statement with regard to the types of sentences available to the federal courts for lawful punishments under the-[se] present circumstances.  For example, 18 U.S.C. § 371 cites only fine or imprisonment, other reference sections in 18 U.S.C. § 3551 and § 3553, Imposition of Sentence, § 3554, Order of Criminal Forfeitures (a separate action udner criminal rules), § 3555, Order of Notice to Victims, § 3552, Order of Restitution, none of which authroize Supervised_Release;

3.)  In that regard, Title 18, United States Code, Section 3553 references Title 28 § 994, which also only recognizes sentences or fine, imprisonment or probation.  This section references 18 U.S.C. § 3663(b) and § 3583(b).  See how § 3663 deals with conditions of probation.  Title 18 U.S.C. § 3583 states, in relevant part, that: "inclusion_of_a_term_of_Supervised_Release may_be_included_as_part_of_a_sentence, and that arequirement that a defendant be placed on a term of supervised release if such term is required by statute."  Being charged under one statute and sentenced under another set of statutes exposes the fact that "Supervised Release" is not authorized to be tacked on to a sentence of imprisonment.  Reference to Law Dictionaries and Am Jur clarify this issue, there are definitions for probation, parole, imprisonment, restraint of liberty, but there is no definition for "Supervised Release";

4.)  Where other reference sections in the United States Code, such as 18 U.S.C. § 3551, Authorized Sentences, § 3552,

(5(j))

Presentence Reports, § 3553, Imposition Of A Sentence, § 3554,
Order Of Criminal Forfeiture (a separate action under criminal
rules), § 3555, Order Of Notice To Victims, and § 3556, Order
Of Restitution, none of which authorize Supervise.Release.   Thus,
it is crystal clear from reading the U.S.C. Sections that super-
vise release is to be included only as part of any punishment
the court otherwise imposes.   In short, supervise release is in
lieu of parole under prior law to the now excised U.S.S.G., and,
per example, a sentence of 120 months with a term of supervise
release after imprisonment results in a [potential] stay at pri-
son of an additional 60 months when supervise release is set at
five (5) years.   A deduction of 54 days per year served should
result in 270 days deduction, yet the B.O.P. (Bureau of Prisons)
only allows 47 days of deduction for 235 days, or $7\frac{1}{2}$ months off
the five (5) years.   Supervise Release is not an authorized sen-
tence, Supervise Release is a separate type of restraint of
liberty, a different kind of punishment!   Double punishment is
double jeopardy.   Nothing can be any simpler than looking at
the published statements issued by the United States;

5.)   Probation is a sentence served under court conditions
without imprisonment, under supervision of a probation officer.
Probation is a sentence in and of itself.   Parole, in criminal
law, is a condition or conditional release from imprisonment
executed outside prison if all the terms and conditions with
the person released satisfactorily complying with the conditions.
Prison sentence of ten (10) years may be served in any manner
set by law.   Supervise Release is not listed in the law diction-

(5(k))

aries as are probation and parole, this fact by itself tell us it's a different kind of sentence;

6.) Double Jeopardy is banned by the Fifth Amendment. "No person ... shall ... be subject for the same offense to be twice put in jeopardy of life and limb." This attaches only after the jury has been sworn or after being judged in a non-jury trial, or plea, receives the first piece of evidence. Trial in this instance is the sentencing proceedings, the key is to understand that a sentencing hearing is a mini-trial. The defendant is mandatorily provided with the opportunity to provide evidence, legal cause why the sentencing or conviction should not be pronounced upon the verdict, or plea. This is, indeed, the common law rule of decision, Federal Criminal Rule 32 expressly provides this under federal sentencing practice. This modern practice in lieu of common law right, asks the defendant why the sentence ought not be imposed, for the statement that he would like to make on his own behalf in mitigation of punishment, the current federal practice is mandatory. The Judge must personally address the defendant in these regards otherwise the sentence is voidable;

7.) The key here is to understand that the conviction was obtained under a charge carrying a specific penalty, the offense conduct and penalty must be stated by the charging statute in order for them to be valid. The finding of guilt by jury or a plea to the charges is absolutely limited to the charged factors. Ninety Nine point Nine percent of criminal code violations list a penalty of fine or imprisonment, and sometimes fine and/or imprisonment. There are no statutes regarding supervise release

as a form of punishment, this is simply because it is a second and separate kind of punishment. Punishment is the sanction imposed on a person because the person has been found to have committed some act, this includes fines, imprisonment, loss of rights and priviledges and a host of other really nasty physical batteries that most maturing societies have banned as cruelty. Cruel and unusual punishment(s) is barred absolutely by the Eight Amendment to the United States Constitution as unreasonable;

8.) Restraint of liberty is a limitation, particularly confinement in this context. Unlawful restraint is the act of restraining a person's freedom(s) of movement without the right or the authority to do so. Liberty is the freedom from all restraints except as are justly imposed by law, this basic right guaranteed by the Constitution of the United States which con-templates not only an absence of physical restraint, but personal freedom(s) encompassing every form of individual prerogative that is not taken away by valid law enacted for the common good. The foundation of this action is simple logic applied to the fact that supervise release is attached after a conviction, carrying punishment defined and limited by statute. The charging statute or code carries one set of penalties, when the rules change to another statute, the U.S.S.G., Sentencing Guidelines, this change from criminal statute to civil statute sets the stage for Habeas Corpus application to test the legality of the new kind of sen-tence added to the punishment after the offense conduct has been found. It's at this point, the sentencing mini-trial proceedings, that a person is subjected to new sentencing statutes or public

laws. Charges under the criminal offense, and another under the sentencing accusation(s), a separate set of statutes, assessments on the conduct founding the whole claim against the person. Double Jeopardy, as defined above and below is obvious to any layperson at law, and is known or should be known by the officers of the law, who thereby have a higher duty to the law, and the highest law officers voluntarily serve is the United States Constitution, as amended, the Supreme Law of the United States;

9.) The issue(s) in the charging of an aggregated sentence of supervise release is the fact that the court's agent, the Probation Officer, makes the charge(s) founding supervise release. This double penalty has been set by Congress and Congress is barred by Article One Section Nine of the Constitution from transgressing on judicial functions and discretion. The Separation of Power(s) principle, a fundamental construction under the Constitution of the United States, allows Legislative power to make the law, exclusive power to the Executive to administer it, and exclusive power to the Judiciary to enforce it. This fundamental principle bars, absolutely, the encroachment by Legislative on Judicial, in other words Congress may not, under any circumstances, limit or expand a sentence to be determined by the Judicial. Further, Congress, in particular, and the United States in general, inclusive of its instruments, agents, employees, servants and attorneys, is absolutely barred from causing a person to be subject to two sentences under different sections of law, on claims by different branches. Such law, if promulgated by Congress, is void for violations of the Constitution. The Supreme Court in

(5(n))

its plenary power(s) over federal law issues have declared the
U.S.S.G.'s mandatory application unconstitutional, a violation
of the Fifth and Sixth Amendment, void from the beginning, con-
ferring no powers, establishing no rights. It matters not who
disagrees, the Constitution controls;

10.) The issue is perfectly clear where, if one part of
law making mandatory the will of Congress over the Judiciary is
void, other such incorporated provisions are also unconstitutional.
PL 98-473 deleted prior law on sentencing. The October 12th,
1984, 98 Stat. 1728, effective November 1st, 1987, repealed prior
sentencing law which contained parole provisions. This, in
essence, means that the new law, now declared unconstitutional,
is also replaced by the old law. Constitutional construction
states that under these circumstances, the law replaced is con-
sidered in effect at the moment the replacing law is invalidated.
In the context of this application for deliverance from super-
vise release, the facts are stated in the United States Code
representing the public and the law has been stated by the
Supreme Court:

a.] PL 98-473 as amended is void in all of its mandatory
provisions requiring the court of the United States
to act under control of the Congress.

b.] Parole under the replaced laws went into force the
moment the Supreme Court declared the U.S.S.G. uncon-
stitutional, on January 12th, 2005.

11.) These facts are related to this application for relief
on the grounds that both the replaced law and the U.S.S.G. rely
on the same provision for the type of sentences available to the

(5(o))

courts. Sentences are limited to terms of probation, fines or imprisonment, and/or both, there is no authority under criminal charges for a sentence to supervise release. It is a fact that supervise release is brought before the court by an act of Congress, via Pre-Sentence Investigation Report claims first presented by the Judicial Branch, a violation of the Separation of Powers Doctrine.

    a.) Title 18, United States Code, 1987 Edition, Chapter 227. Subchapter A - General Provisions - Section 3551 at (b), "Individuals", states, in relevant part, that: An individual found guilty of an offense (either by plea or trial) shall be sentenced, in accordance with the provisions of Section 3553, to ---

    (1) a term of probation ...,

    (2) a fine ..., or

    (3) a term of imprisonment ...

    12.) A sentence to pay a fine may be imposed in addition to any other sentence. Sentence authorized by Section(s) 3554, 3555, 3556 may be imposed in addition to the sentence required by this subsection. Section 3553, Imposition of a sentence; 3554, Order of Criminal Forfeiture; 3555, Order of Notice to Victims, and 3556, Order of Restitution, do not authorize a sentence to supervise release. Section 3553 references Title 28, United States Code, Section 994, Duties of the Commission, which at (a), (1) et Seq. References the Guidelines. The (a)(1) Section reference only to sentence(s) of probation, fine or imprisonment. For the first time the statutes, at 28 U.S.C. § 994(a)(2), (b) are the conditions of supervise release mentioned, same referencing 18 U.S.C. § 3563(b) and § 3583(b). Section 3563,

(5(p))

Conditions of Probation does-not reference supervise release. Section 3583 is key, inclusion of a term of Supervise-Release after-imprisonment (but not in addition to), for the first time the illegal supervise release is presented as a Code provision.

   a.) § 3583(a), In general -- The court, in imposing a sen-
       tence to a term of imprisonment for a felony or a mis-
       demeanor, "may".include.as.part.of.the.sentence a
       requirement that the defendant be placed on a term of
       supervise release if such a term is required by statute;

   b.) And, at § 3583(c), Factors Considered in including-a
       term-of-supervise-release. The court is to comply with
       the factors set out at §§ 3583(a)(1), (a)(2)(D), (a)(4),
       (a)(5), and (a)(6);

   c.) and, returning to Section 3553, Imposition of Sentence,
       no reference to supervise release is disclosed, merely
       reference to the Guidelines. (emphasis added).

13.) The United States Sentencing Guidelines as promulgated by the United States Congress, purposes to establish sentencing policies and practices, assure meeting of the purposes of sen-tencing set for in 18 U.S.C. § 3553(a)(2), provide certainty and fairness in meeting the purposes of sentencing, avoiding unwar-ranted sentencing disparities. The sentence imposed is to:

   a.) reflect the seriousness of the offesne ... promote
       respect for the law, and to provide just punishment
       for the offender;

   b.) ... deference to criminal conduct;

   c.) protect the public ...; and

   d.) to provide the defendant with needed educational or
       vocational training, medical care, or other correc-
       tional treatment ...

14.) Again, not that there is no reference to supervise release. Controlling section 18 U.S.C. 3551, Authorized Senten-

ces, does.not authorize a sentence to supervise release in any fashion. it is clear, therefore, from the full reading of the sentencing practice in Title 18, that inclusion of the term of Supervise Release is to be included as part of the term of imprisonment. This conclusion is based on numerous foundations, one of which is that statutes must work in harmony, have no controversy in their application. When the authorizing portion of the sentencing Code, Chapter 227, Section 3551, Title 18, limits the sentencing powers of the court to three types of penalty for offenses described in any Federal Statute, other than an act of Congress applicable exclusively in the District of Columbia or Uniform Code of Military Justice, and supervise release is not mentioned, then supervise release is not an authorized sentence. Section 3583, Title 18, for inclusion of term of Supervise Release after imprisonment works in harmony with the authorized charged conduct penalties and sentencing provisions only if it is applied during the. term of punishment set by the sentence authorized by statute. Thus, it is clear, from that persepctive, that Supervise Release is intended to be executed as part of the sentence, reference to the order in a Criminal Case settles the matter conclusively. Supervise Release is mentioned under and after term of punishment with no qualifier that it is additional to the punishment authorized on the charged conduct and authorized sentence according to law. No Double Jeopardy is invoked when the sentence under the statute is executed as intended and stated by Congress.

15.) Example: 1.) Sentence to Ten Years, One Hundred

(5r))

   twenty month(s) term of imprisonment authorized by
   law and issued by the Judicial Officer exclusively;

2.) The sentence may be executed only by the Executive
  Branch;

3.) The Executive Branch executes the sentence accord-
  ing to law;

4.) The execution may take any form, e.g. imprisonment
  and Supervise Release within the Ten Years;

5.) Supervise Release is set as part of the Order at
  Five Years, Sixty Months;

6.) The Supervise Release term is to be subtracted from
  the overall sentence, leaving Five Years, Sixty
  Months of imprisonment;

7.) Statutory Good Time, 18 U.S.C. § 3624, mandates Fifty
  Four Days a Year deduction from the term of imprison-
  ment, now deleted;

8.) Five Years at Fifty Four Days is Two Hundred Seventy
  Days which is deducted from the overall term of punish-
  ment, leaving Four Years Three Months imprisonment,
  Fifty One Months;

9.) The last Six Month imprisonment or Ten Percent of the
  sentence aggregated is to be served under conditions
  that will afford the prisoner reasonable opportunity
  to adjust to and prepare for prisoner's re-entry into
  the community.   This Community Corrections Center
  time is deducted from imprisonment as well, leaving
  Three Years, Nine Months of imprisonment; and

10.) The Executive Branch holds sole exclusive power to
  apply all of the above, being subject to Judicial
  Review, only in the event administrative duties
  trespass on prisoner's due process rights.

   16.) Given that the above is only valid on a lawful sentence,

one obtained under full compliance with constitutional delimita-

tions, the specter of double jeopardy comes into play as material,

relevant, legal issue concerning current application of Supervise

Release after full term of imprisonment is served.  Careful read-

ing of section 3583(c) discloses provisions ... if the term of

Supervise Release is to be included ..., see factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(D), (a)(4), (a)(5), and (a)(6). "If" and "include" reference a sentence under the charging statute, which limits the sentence to fine, or imprisonment when the sentencing Codes are applied in harmony, probation, fine or imprisonment as authorized sentence for offense conduct, now becomes clear in application and execution; and

17.) The controlling factor(s) clarifying the above is that the charged offense does not reference, e.g. give adequate notice and/or opportunity to respond to, challenge or, otherwise, contest the Supervise Release. Supervise Release only appears during the minimal trial of sentencing, in which the court through its afent, the United States Probation Office and Officers, adds Supervise Release, a separate form of restraint of liberty, to the terms of the charged conduct by the offense penalty under the statute, and authorized by sentencing statute.

## D. Ground Four: REQUEST.FOR.AN.EVIDENTIARY.HEARING

**Supporting FACTS (state briefly without citing cases or law):**

1.) In this particular regard, Title 28, United States Code, Section 2255 provides that: ... "[A] federal prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released, or for reduction of sentence may move the court which imposed the sentence to vacate, set aside, or correct the sentence." This Section also provides, in relevant part, as follows:

... "Unless the motion and files and record of the case
conclusively show that the Petitioner is entitled
to no relief, the court shall cause notice thereof
to be served upon teh United States Attorney, grant
a prompt hearing thereon, determine the issue and
make findings of fact and conclusions of law with
respect thereto" ...

[28 U.S.C. § 2255].

2.) In accordance with the literal language of the relief(s)
provided by statute, for good cause shown, Petitioner, herein,
respectfully submits that he is, arguably, entitled to an Eviden-
tiary hearing.

## CONCLUSION

**WHEREFORE**, for the[se] above foregone reasons, all premises
considered, Petitioner ever prays that this Honorable Court grants
him the relief(s) he, hereby, seeks under the Writ of Habeas Cor-
pus and, thereby, pursuant to and in accordance with 28 U.S.C. §
2255, vacate, set aside or, otherwise, correct his conviction
and/or sentence, enter an appropriate Order remanding the case
for resentencing proceedings consistent with controlling law(s)
or, in the alternative, any and/or other relief(s) the Court
might, otherwise, deem more appropriate, fair and just.

Respectfully Submitted

/S/.............................
Joseph M. Pryer, Pro Se

JMP/haa

(6(a))

AO 243 (Rev. 2/95)

D.    Ground four: _____ **SEE ATTACHED @ PAGE #5(t)** _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____ **SEE ATTACHED @ PAGE(S) #5(t) THRU #6(a)** _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: None of the grounds raised, herein, have

been previously raised in any proceeding, primarily because of ineffec-

tive assistance of counsel and Petitioner has only a tenth grade formal

education (with a G.E.D.) and has only a limited comprehension of federal

criminal law(s), practices and procedures.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing    Mr. Christopher Koiste, Esq., Federal Public Defender District
        of Deleware, First Federal Plaza, 704 King Street, Suite 110, Wilmington, DE. 19801.

    (b) At arraignment and plea    Mr. Eleni Kousoulis, Esq., Federal Public Defender District
        of Deleware, First Federal Plaza, 704 King Street, Suite 110, Wilmington, DE. 19801

    (c) At trial    Mr. Eleni Kousoulis, Esq. Federal Public Defender Distric of Deleware, First
        Federal Plaza, 704 King Street, Suite 110, Wilmington, Deleware 19801.

    (d) At sentencing    Mr. Eleni Kousoulis, Esq., Federal Public Defender District of Deleware,
        First Federal Plaza, 704 King Street, Suite 110, Wilmington, Deleware 19801.

AO 243 (Rev. 2/95)

(e) On appeal _____ NON—APPLICABLE _____

_____

(f) In any post—conviction proceeding ____ NON—APPLICABLE (PROCEEDING PRO SE)

_____

(g) On appeal from any adverse ruling in a post—conviction proceeding _____

_____ NON—APPLICABLE _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ NON—APPLICABLE _____

_____

(b) Give date and length of the above sentence: NON—APPLICABLE _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☐          NON—APPLICABLE

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1—19—07
(Date)

Joseph Pryer
Signature of Movant

## CERTIFICATE OF MAILING

I, __JOSEPH M. PRYER_____, under penalty of perjury,

hereby certify that on this __19__ day of __January_____, 20_07_,

I placed an envelope containing the Original and __3__ copies of the following

documents in the control of prison authorities by depositing the envelope in

the institution mailbox designated for all outgoing inmate legal mail:

1.     **28 U.S.C. § 2255 Petition**

2.

3.

4.

5.

6.

7.

8.

addressed to the **Clerk of Court, J. Caleb Boggs Federal Building, Room 4209**

**844 N. King Street, Lockbox 18, Wilmington, DE. 19801**, first-class postage

rate.

Therefore, in accordance with the federal rules governing filing procedures

and the "mailbox rule" established in Houston v. Lack, 487 U.S. 266 (1988), the

foregoing documents are deemed "filed" for the purposes of this action.

Signed: _Joseph Pryer_____

## CERTIFICATE OF MAILING

I,  __JOSEPH M. PRYER_____ , under penalty of perjury,

hereby certify that on this __19__ day of __January_____ , 20 __07__ ,

I placed an envelope containing X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶ __1__ copies of the following

documents in the control of prison authorities by depositing the envelope in

the institution mailbox designated for all outgoing inmate legal mail:

1. __28 U.S.C. § 2255 Petition__

2.

3.

4.

5.

6.

7.

8.

addressed to the U̶.S. Attorney̶X̶X̶X̶X̶X̶X̶X̶, __Nemours Building, Post Office Box 2046,__

__Wilmington, Deleware 19899-2046_____ , first-class postage

rate.

Therefore, in accordance with the federal rules governing filing procedures

and the "mailbox rule" established in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the

foregoing documents are deemed "filed" for the purposes of this action.

Signed: _Joseph Pryer_____

Joseph N. Pryer,
Fed. Reg. No. #04947-015
c/o F.C.I. Schuylkill
Post Office Box 759
Minersville, Pennsylvania 17954-0759





OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
J. Caleb Boggs Federal Building, Room 4209,
844 N. King Street, Lockbox 18,
Wilmington, Deleware 19801



[ "LEGAL MAIL" ]