IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH PRYER, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| ) | |
| v. ) | Crim. No. 05-15-SLR |
| ) | Civ. No. 07-46 -SLR |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM OPINION**

---

Joseph Pryer. Pro se movant.

Ilana H. Eisenstein, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

---

January 19, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Joseph Pryer ("movant") is a federal inmate currently confined at F.C.I. Schulkyll, Pennsylvania. Movant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 37) Respondent filed an answer in opposition. (D.I. 43) For the reasons discussed, the court will deny movant's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

On July 7, 2005, movant pled guilty to two counts of a five count indictment: (1) knowing possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A); and (2) knowing possession of a firearm (Smith and Wesson model 629-3 .44 caliber handgun) after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). On January 19, 2006, the court sentenced movant below the United States Sentencing Guidelines range to a total of 216 months of imprisonment, followed by five years of supervised release. (D.I. 27) Movant did not file an appeal.

## III. DISCUSSION

Movant asserts three claims: (1) defense counsel provided ineffective assistance; (2) his sentence violates *United States v. Booker*, 543 U.S. 220 (2005); and (3) his sentence to five years of supervised release constitutes double jeopardy.

### A. Claim One: Ineffective Assistance of Counsel

Movant asserts four arguments regarding counsel's ineffective assistance: (1) counsel failed to advise him and the court of potential jurisdictional defects in the

indictment; (2) counsel failed to advise him that certain drug quantities triggered more severe penalties; (3) counsel failed to object to the drug quantity mentioned during sentencing; and (4) counsel failed to file a timely notice of appeal. Movant has properly raised these ineffective assistance of counsel arguments in the instant § 2255 motion rather than on direct appeal,[1] and the court must review the arguments pursuant to the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. Because movant pled guilty, he can only establish prejudice by showing a reasonable probability that, but for counsel's errors, he would have proceeded to trial instead of pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). To the extent movant is complaining about counsel's performance at sentencing, he must demonstrate a reasonable probability that, but for counsel's error, the result of the sentencing hearing would have been different. *Strickland*, 466 U.S. at 694.

Finally, in order to sustain an ineffective assistance of counsel claim, movant must make concrete allegations of actual prejudice and substantiate them or risk

---

[1] *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996).

summary dismissal. See *Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. The court will address movant's four ineffective assistance of counsel arguments in seriatim.

### 1. Counsel failed to advise movant of potential jurisdictional defects in the indictment

Movant contends that counsel provided ineffective assistance by failing to inform him or the court of potential jurisdictional defects in the count of the indictment charging him with knowing possession of a firearm after conviction of a felony in violation of 18 U.S.C. § 922(g)(1). Specifically, movant asserts that he might have exercised his right to a jury trial if counsel had explained to him that the federal courts "might lack sufficient Constitutional authority," as well as "subject-matter and statutory jurisdiction over mere firearm possession, without more, under the Commerce Clause." (D.I. 37, at p. 5(c))

It is well-settled that defense counsel does not provide ineffective assistance by failing to raise a meritless argument. See *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). The Third Circuit Court of Appeals has consistently rejected commerce clause challenges to 18 U.S.C. § 922(g). *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001); *United States v. Coward*, 296 F.3d 176, 183 (2002). Therefore, the court concludes that counsel did not provide ineffective assistance by failing to raise a meritless commerce clause challenge to the court's jurisdiction over the firearm charge.

### 2. Counsel failed to advise movant that drug quantities triggered more severe penalties

Movant also contends that defense counsel was ineffective for failing to advise him that the drug quantities were an essential element of the crimes charged or that the drug quantities triggered "more severe penalties under Section 841(b)(1)(A)." Movant asserts that he would not have pled guilty to possession of more than fifty grams of cocaine base if counsel had informed him of this fact. The record belies movant's contentions.

First, the memorandum of plea agreement ("plea agreement"), signed by movant, explicitly specifies that possession of more than fifty grams of cocaine base is an element of the offense charged in count one. The plea agreement asserts that, "[movant] understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (1) that on or about February 17, 2005, the [movant] knowingly possessed more than 50 grams of cocaine base, i.e., crack cocaine . . ." (D.I. 20, at ¶ 3) The plea agreement also explains that the offense charged in count one of the indictment "carries a maximum sentence of lifetime imprisonment with a mandatory minimum term of imprisonment of ten years." (D.I. 35, at p. 4; D.I. 20, at ¶ 1)

Second, during the plea colloquy held on July 7, 2005, the court informed movant about the maximum and minimum terms of imprisonment for the offense charged in count one of the indictment. In addition, the court specifically informed movant of his right to have each element of the offense proven to a jury beyond a reasonable doubt, stating:

4

> Do you understand that if this case were to go to trial it would be the government's burden to prove all of the essential elements of these offenses beyond a reasonable doubt to a jury. That means that if there were a trial the government would have to prove the following elements beyond a reasonable doubt with respect to count one of the indictment.
>
> First, that on or about February 17, 2005, [you] knowingly possessed fifty grams or more of cocaine base, i.e., crack cocaine. . . .

(D.I. 35, at p. 15)

Third, movant expressly admitted to the court during his plea colloquy that he had reviewed the indictment and the written charges; that he had "fully discuss[ed] those charges and the case in general" with defense counsel; and that he was "fully satisfied with counsel's representation and advice." (D.I. 35, at pp. 3-4) Movant has not provided any evidence to overcome the formidable presumption of verity created by these statements he made to the court while under oath. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977)("[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings."). Therefore, the court accepts movant's assertions as true.

Based on the foregoing, the court concludes movant cannot demonstrate that counsel failed to properly advise him of the elements of the offense or the possible penalties stemming from the offense. Nevertheless, even if counsel did fail to advise movant as alleged, movant cannot demonstrate prejudice under *Strickland* because the record reveals that both the court and the plea agreement provided the information regarding the elements of the offense and the possible penalties. Accordingly, the court concludes that movant's second ineffective assistance argument does not warrant relief.

### 3. Counsel failed to object to the drug quantity at sentencing

Movant alleges that defense counsel provided ineffective assistance by failing to object to the drug quantity at sentencing. Although he fails to identify the specific quantity of drugs mentioned during sentencing to which he objects, it appears that movant finds fault with the prosecutor's description of the drugs during sentencing as amounting to "nearly two and a half kilograms of cocaine [and] 360 grams of crack cocaine."[2] (D.I. 32, at p. 8)

Once again, the court concludes that movant's argument lacks merit. During the plea colloquy, respondent explained that a DEA surveillance team found "13.4 grams of cocaine hydrochloride [powder cocaine][3] inside a small box on the front passenger seat of [movant's] vehicle [Cadillac];" that "an administrative search" of movant's residence uncovered two bricks of cocaine hydrochloride which weighed 2001 grams [and] a clear plastic bag containing 41.5 grams of cocaine hydrochloride;" and that an "administrative search" of movant's Mazda Millenia uncovered "three plastic bags containing 305 grams of cocaine hydrochloride[, and] seven clear plastic bags containing 362 grams of cocaine base, that is crack cocaine." (D.I. 35, at pp. 18-20) Movant did not object to

---

[2]In the plea agreement and during the plea colloquy, movant admitted that he possessed, "among other things, 362 grams of cocaine base, i.e., crack cocaine," that he knew the substance was crack cocaine, that he had dominion and control over it, and that he intended to distribute it. (D.I. 20, at ¶ 4; D.I. 35, at pp. 5-6, 11, 16-17, 19-20). Given movant's admissions regarding his possession of **crack cocaine**, his concern here appears to be with the prosecutor's reference to his possession of "nearly two and a half kilograms of **cocaine**." *Id.* (emphasis added).

[3]Cocaine hydrochloride is known as "powder cocaine." *See Kimbrough v. United States*, 552 U.S. 85, 95 (2007).

respondent's factual description of his offense conduct or the weight of the drugs described during the plea colloquy. When added together, the amount of cocaine hydrochloride described to have been in movant's possession totaled 2359.9 grams or, as summarized by respondent during sentencing, "nearly two and a half kilograms of cocaine." Thus, the court concludes that movant cannot demonstrate a reasonable probability that the result of the sentencing hearing would have been different if counsel had objected to respondent's statement during sentencing because: (1) respondent's shorthand reference to total amount of cocaine powder in movant's possession did not constitute a misrepresentation of the total amount of cocaine powder described during the plea colloquy; (2) respondent's description of the quantity of crack cocaine as 360 grams was actually lower than the 362 grams mentioned during the plea colloquy; and (3) movant's sentence (216 months) was well-below the low end of the sentencing guidelines recommendation (262 months). Accordingly, the court concludes that counsel did not provide ineffective assistance during sentencing in the manner suggested by movant.

### 4. Counsel failed to file a timely notice of appeal

In his final complaint about counsel's performance, movant contends that counsel provided "per se" ineffective assistance by failing to file a timely notice of appeal. According to movant, counsel should have filed a timely notice of appeal to "preserve [his] right to appeal, at least until counsel had sufficient time to review the transcripts from the proceedings held in the case and adequately assess them to determine if there were any nonfrivolous issues ripe for presentment on appeal." (D.I.

37, at p. 5(e)). For the following reasons, the court concludes that movant's argument is unavailing.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court held that *Strickland* applies to situations where an attorney fails to file a notice of appeal, but articulated an additional two-step approach to be used when conducting the performance inquiry under *Strickland* in such circumstances. The first step is to determine if the defendant expressly asked counsel to file a notice of appeal. If the defendant did expressly ask counsel to file an appeal, and counsel failed to do so, counsel is per se ineffective because *Strickland* prejudice is presumed. The *Flores-Ortega* Court explained that a "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable[;] defendant is entitled to a new appeal without showing that his appeal would likely have had merit." *Id.*

If the defendant did not clearly request his attorney to appeal, the court considering a claim of ineffectiveness must proceed to the next *Flores-Ortega* step and determine whether counsel consulted with the defendant about an appeal. According to *Flores-Ortega,* an attorney does not "consult" with a defendant by merely meeting with him; rather, counsel must advise "the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." *Id.* at 478. Consequently, if counsel did consult with the defendant in this manner, then counsel "performs in a professionally unreasonable

manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 477-78.

However, if counsel did not consult with the defendant, counsel's failure to consult will be deemed unreasonable if "there is reason to think (1) that a rational defendant would want to appeal (for example because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 477, 480. A defendant shows prejudice in these circumstances by demonstrating a reasonable probability that he would have timely appealed if not for counsel's deficient failure to consult with him about an appeal. *Id.* at 484. The court must consider all of the facts of the particular case in making the prejudice determination. "[E]vidence that there were non-frivolous grounds for appeal or that the defendant at issue promptly expressed a desire to appeal will often be highly relevant," although a movant's inability to demonstrate potential meritorious issues "will not foreclose the possibility that he can satisfy the prejudice requirement." *Id.* at 485-86. And finally,

> [a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Id.* at 480.

Turning to the first step of the *Flores-Ortega* inquiry, movant does not allege that defense counsel failed to follow his specific instructions to file an appeal. Additionally,

9

counsel's affidavit asserts that she did discuss movant's appeal options with him before the change of plea hearing and before the sentencing hearing. Although counsel does not recollect if movant expressly directed her to file an appeal, counsel states that, if he had so directed her, she would have advised him that there were no meritorious appealable issues. (D.I. 43, at Exh. 6) Based on this record, the court cannot conclude that counsel's failure to file a notice of appeal constituted per se ineffective assistance under *Flores-Ortega*.

Turning to the second step, the court must consider whether defense counsel's meetings with movant satisfied *Flores-Ortega*'s standard for "consultation" and, if not, whether such failure to consult was unreasonable. As previously stated, counsel discussed movant's appeal options with him on two separate occasions, both of which occurred prior to movant's sentencing. However, counsel's affidavit does not indicate whether she "advis[ed movant] about the advantages and disadvantages of taking an appeal" or that she "ma[de] a reasonable effort to discover [movant's] wishes."[4] *Id.* at 478. Given these circumstances, the court will presume that counsel did not "consult" with movant in the manner contemplated by *Flores-Ortega*.[5] Nevertheless, the court

---

[4] The affidavit asserts that counsel advised movant "prior to the change of plea hearing that a guilty plea would foreclose an appeal of issues relating to his guilt or innocence." (D.I. 43, Exh. 6, at ¶ 3) The affidavit also asserts that counsel's "normal practice is to advise the [movant] prior to sentencing that there is normally no valid basis for appeal of the sentence when the sentence imposed is well-below the range recommended by the United States Sentencing Guidelines, as here, absent a good reason for doing so." *Id.* at ¶ 4.

[5] Alternatively, if counsel's meetings with movant did constitute "consultation" under *Flores-Ortega*, counsel did not provide ineffective assistance by failing to file a timely notice of appeal because movant does not assert that he asked counsel to file an appeal.

concludes that counsel did not unreasonably fail to consult with movant because movant's situation is almost identical to the example provided by the *Flores-Ortega* Court as to when consultation is not constitutionally necessary.[6] See *Flores-Ortega*, 528 U.S. at 479. For instance, movant pled guilty, admitted the relevant drug weights, and was ultimately sentenced significantly below the guidelines range. Additionally, the court informed movant of his appeal rights, movant did not express any interest in appealing, and counsel concluded that there were no nonfrivolous grounds for appeal. In sum, based on the totality of circumstances in movant's case, counsel had no reason to think that a rational defendant would want to appeal.

And finally, the court concludes that movant has failed to demonstrate that he would have timely appealed but for counsel's failure to consult with him. Although movant argues that counsel should have filed an appeal to provide counsel with time to review the transcripts and determine if there were any non-frivolous issues for appeal, counsel's affidavit demonstrates that she was able to determine the absence of nonfrivolous arguments based on her knowledge of the case. Presumably, then, counsel did not need to refer to the transcripts to make this determination, and movant

---

[6]The *Flores-Ortega* Court held that an attorney's failure to consult with the defendant about an appeal is actually reasonable when
> counsel advises defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal.

*Flores-Ortega,* 528 U.S. at 479.

11

has not shown that counsel would have found any nonfrivolous issues even if she had waited to review the transcripts before making that determination. (D.I. 43, at p. 73) Additionally, although movant is not required to present meritorious appellate issues in order to show prejudice, the court views the absence of any nonfrivolous arguments in this proceeding as additional support for its conclusion that movant was not prejudiced by counsel's failure to "consult" with him. See *Flores-Ortega*, 528 U.S. at 480, 485-86.

Thus, based on the foregoing, the court concludes that movant's final ineffective assistance of counsel argument does not warrant relief.

### B. *Booker* Claim

In his second claim, movant contends that he was "sentenced on January 19, 2006, under the unconstitutionally severed and excised advisory application of the United States Sentencing Guidelines." (D.I. 37, at p. 5(f)) Although unclear, movant may be arguing that the Supreme Court violated the "separation of powers" doctrine in issuing the decision *United States v. Booker*, 543 U.S. 220 (2005), thereby rendering the *Booker* decision unconstitutional. (D.I. 37, at p. 5(g)) This argument, however, is unavailing. First, the United States Supreme Court does not violate the separation of powers doctrine when it reviews and overturns a Congressional enactment. See *Marbury v. Madison*, 5 U.S. 137, 180 (1803)("a law repugnant to the Constitution is void."). Consequently, the Supreme Court properly exercised its authority when it overturned the portion of the Sentencing Reform Act that ran contrary to the Constitution. See *Reid v. Covert*, 354 U.S. 1, 15-18 (1957)(neither a statute nor treaty overrides the Constitution). Second, the court must follow the decisions of the United

States Supreme Court. *See Hohn v. United States,* 524 U.S. 236, 252-53 (1998)("[Supreme Court] decisions remain binding precedent until [the Court] see[s] fit to reconsider them."). Movant has failed to demonstrate how an advisory reading of the federal sentencing guidelines, as opposed to a mandatory reading, violated his constitutional rights; significantly, if not for *Booker* making the guidelines advisory, movant's sentence would have been somewhere between 262 months (21 years and 10 months) and 327 months (27 years and 3 months), not 216 months (18 years).

Additionally, to the extent movant is arguing that his 216 month sentence violates *Booker* because the court did not sentence him to 15 years of imprisonment as requested by defense counsel, this argument is unavailing. (D.I. 32, at p. 10) Pursuant to *Booker*, a sentence does not violate the Sixth Amendment if, during sentencing, the court recognizes the advisory nature of the sentencing guidelines and the resulting sentence does not exceed the maximum statutory sentence authorized by facts admitted by the defendant or found by a jury. *Booker*, 543 U.S. at 244. In this case, there is no dispute that the court was aware of the advisory nature of the guidelines when it sentenced movant post-*Booker*.[7] (D.I. 32, at pp. 9, 16-17) Moreover, movant's 216 month sentence is substantially below the maximum sentence (life-imprisonment) authorized in 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and also well-below the sentencing guidelines range of 262 to 327 months. The sentence was based

---

[7]At sentencing, both respondent and defense counsel explicitly acknowledged the advisory nature of the sentencing guidelines after *Booker*, and defense counsel asked the court to sentence movant to fifteen years imprisonment. (D.I. 32, at pp. 8-10) The court exercised its discretion and sentenced movant to eighteen years, "which is more than fifteen [the sentence requested by movant] and less than the guidelines [recommendation of 262 to 327 months]." *Id.* at p. 16.

on facts admitted by movant in his plea agreement and during his change of plea colloquy. Thus, movant's *Booker* argument lacks merit.

### C. Supervised Release Claim

Finally, movant argues that the imposition of a five year term of supervised release constitutes double jeopardy and is unauthorized by statute. Contrary to movant's belief, however, a term of supervised release is expressly authorized by 18 U.S.C. § 3583(a) as "part of the sentence," and does not implicate double jeopardy concerns. *See, e.g., Adams v. United States*, 2007 WL 1544208, at 89 (D. N.J. May 29, 2007). Accordingly, the court will deny movant's supervised release claim as meritless.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his arguments are without merit. Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

## V. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally,

the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable.  See 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right.");  Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2008).  The court shall issue an appropriate order.